UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

OSCAR DANTZLER                    *    CIVIL ACTION NO.  3:24-1018

VERSUS                            *    JUDGE TERRY A. DOUGHTY

RICHARD BOURGEOIS, JR., ET AL.    *    MAG. JUDGE KAYLA D. MCCLUSKY

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions to dismiss for insufficient service of process and for failure to state a claim upon which relief can be granted filed by Defendants, Richard Bourgeois, Jr. and John W. deGravelles [doc. # 11] and Brian Jackson [doc. # 17], plus a motion to dismiss for lack of subject matter jurisdiction, insufficient service of process, and for failure to state a claim upon which relief can be granted filed by Defendant, Jeffrey Johnson [doc. # 17].  The motions are unopposed.  For reasons set forth below, IT IS RECOMMENDED that the motions be GRANTED IN PART and DENIED IN PART.

<u>Background</u>

On December 16, 2024, Plaintiff Oscar Dantzler ("Dantzler") filed the instant pro se Complaint against Richard Bourgeois, Jr., and John W. deGravelles, individually and in their capacities as judges of the United States District Court for the Middle District of Louisiana. (Compl. [doc. # 1]).  In his Complaint, Dantzler cited a litany of jurisdictional and criminal statutes, plus various constitutional provisions, before settling upon a conspiracy claim asserted under 42 U.S.C. § 1985.  *Id*.  Dantzler noted that he had filed a prior suit, *Dantzler v. Our Lady of the Lake Hospital, Inc., et al*, Civ. Action No. 24-0514 (M.D. La.) ("*OLOL-I*"), and asked that

it be consolidated with this case. *Id.*[1]  Over the course of seventeen pages, Dantzler set forth a host of conclusory allegations of purported judicial misconduct, fraud, criminal acts, and conspiracy against Magistrate Judge Bourgeois stemming from various unfavorable rulings and a comprehensive Report and Recommendation ("R&R") wherein he recommended the dismissal of all defendants from the case. *Id*.  Dantzler further alleged that Judge deGravelles was complicit in Magistrate Judge Bourgeois's unethical and judicial misconduct because he supported and permitted the latter judge's actions and unlawful acts. *Id*.

In light of Dantzler's claims asserted against two of their fellow judges, all of the judges of the Middle District of Louisiana recused themselves from this matter and *OLOL-I*.  (Jan. 6, 2025 En Banc Order [doc. # 3]).  The cases were reassigned to the Honorable Terry Doughty and the undersigned, both of the United States District Court for the Western District of Louisiana. *Id*.

On February 10, 2025, Dantzler filed an amended complaint that joined additional Defendants, Brian Jackson, individually and in his capacity as a judge of the United States District Court of the Middle District of Louisiana, and Jeffrey Johnson, individually and in his capacity as a judge of the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.  (Amend. Compl. [doc. # 4]).  In this amended pleading, Dantzler endeavors to take to task Judges Jackson and Johnson for their respective roles in *Dantzer v. Our Lady of the Lake Hospital, Inc., et al.*, Civ. Action No. 25-0040 (W.D. La.) (*OLOL-II*), which Dantzler originally

---

[1] In fact, Dantzler attempted to amend *OLOL-I* to make the same allegations against Judge deGravelles and Magistrate Judge Bourgeois that he alleged in this matter.  *See* Feb. 3, 2025 Mem. Order [doc. # 75] in *OLOL-I*.  *OLOL-I* is now closed.

filed in state court on March 3, 2023, but then removed to federal court on January 13, 2025. (*OLOL-II* [doc. # 1]). Judge Jackson, however, expeditiously remanded the case back to state court because a plaintiff cannot remove a case to federal court. (Jan. 16, 2025 Order & Judgment of Remand; *OLOL-II* [doc. # 4]).

Convinced that he is a victim of judicial wrongdoing, Dantzler alleges that Judges Jackson and Johnson acted in concert to undermine his lawsuit and to deprive him of his constitutional rights. *Id*. He contends that Judge Jackson should be reprimanded by the Court and removed from office pending judicial misconduct investigation against him. *Id*. He also seeks to hold Judge Johnson accountable and that he be recused from hearing any of Dantzler's current or future cases in the 21st Judicial District Court. *Id*.

On March 7, 2025, Judge deGravelles and Magistrate Judge Bourgeois filed the instant motion to dismiss for insufficient service of process and for failure to state a claim upon which relief can be granted. The judges argue that, because Dantzler's allegations against them stem from rulings and actions taken in *OLOL-I* and/or *OLOL-II*, they are entitled to absolute judicial immunity from Dantzler's claims. In addition, they allege that Dantzler failed to properly serve them in accordance with Rule 4(i), and, thus, Dantzler's claims against them should be dismissed for insufficient service of process.

On March 17, 2025, Judge Johnson filed the instant motion to dismiss for lack of subject matter jurisdiction, insufficient service of process, and for failure to state a claim upon which relief can be granted. Judge Johnson contends that Dantzler's claims are barred by the *Rooker-Feldman* doctrine and that his official capacity claim is barred by the Eleventh Amendment. He further argues that Dantzler failed to serve him properly, and that, in any event, he is entitled to

absolute judicial immunity from Dantzler's claims.

On April 7, 2025, Dantzler filed a motion to reserve his right to seek to enlarge the time to perfect service on Defendants and for an extension of time to file a response(s) to Defendants' pending motions to dismiss.  [doc. # 15].[2]  The undersigned granted the motion and set a deadline of May 7, 2025, for Dantzler to effect the foregoing.  (April 21, 2025 Order [doc. # 16]).

On May 15, 2025, Judge Jackson filed the instant motion to dismiss for failure to state a claim upon which relief can be granted and for insufficient service of process. Judge Jackson's motion echoes the bases for dismissal advanced by Judges deGravelles and Bourgeois in their motion.

Ultimately, Dantzler did not file a response to any of the pending motions, and the time to do so has passed.  *See* Notices of Motion Setting.  [doc. #s 12, 14, & 19].[3]  Accordingly, the motions are deemed unopposed.  *Id*.  The matter is ripe.

## Analysis

The Court initially will address the arguments pertaining to subject matter and personal jurisdiction (insufficient service) before reaching the merits-related argument (judicial

---

[2] Dantzler asserted that the United States Postal Service ("USPS") was committing mail fraud because it was not delivering mail to the right person(s), failing to obtain mail recipient signatures, and refusing to return certified mail receipts.  He also represented that he had been busy tending to other matters.

[3] Although the USPS returned an unspecified document to the Court on May 20, 2025, because of an invalid address, *see* doc. # 20, Dantzler plainly was aware of the first two motions because he sought an extension of time to serve and/or respond to them.  Moreover, there is no indication that Dantzler failed to receive a copy of Judge Jackson's motion to dismiss.

immunity).

## I.    Subject Matter Jurisdiction

It is manifest that this Court enjoys subject matter jurisdiction to entertain this suit via

federal question, 28 U.S.C. § 1331.  Under certain circumstances, however, the Court must

decline to exercise otherwise extant jurisdiction.  For example, if the *Rooker-Feldman* doctrine

applies, the court lacks subject-matter jurisdiction over the dispute.  *Jones v. Louisiana*, No.

15-1816, 2016 WL 5720623, at *2, n.2 (W.D. La. Sept. 29, 2016) (citing *inter alia, Liedtke v.

State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)).  Also, a party's invocation of Eleventh

Amendment immunity is analyzed as a challenge to the federal court's exercise of federal subject

matter jurisdiction.  *Mahogany v. Louisiana State Supreme Court*, 262 Fed. App'x. 636 (5th Cir.

2008) (citations omitted); *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) ("Sovereign

immunity is indeed a jurisdictional bar.").

    a)    Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks

the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc.

v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6

Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).  The party seeking to invoke jurisdiction

bears the burden of demonstrating its existence.  *Ramming v. United States*, 281 F.3d 158, 161

(5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "[T]here is a

presumption against subject matter jurisdiction that must be rebutted by the party bringing an

action to federal court."  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint

5

alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir. 2016) (citations and internal quotation marks omitted).

      b)    <u>*Rooker-Feldman* Doctrine</u>

      The *Rooker–Feldman* doctrine "holds that inferior federal courts do not have the power to modify or reverse state court judgments." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (citation omitted). "[I]n addition to the precise claims presented to the state court, *Rooker–Feldman* prohibits federal court review of claims that are 'inextricably intertwined' with a state court decision." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384–85 (5th Cir. 2017) (citation omitted). The doctrine comprises four elements: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 (5th Cir. 2017) (citations omitted). The doctrine, however, applies only to "final judgment[s] rendered by a stat0e's court of last resort." *Id*. (citation omitted).

      Here, Judge Johnson alleges that Dantzler's requested relief is "inextricably intertwined" with a motion to dismiss decided by Judge Johnson apparently in *OLOL-II*. However, there is no indication that this unidentified motion to dismiss was a final judgment issued by the state's court of last resort. Accordingly, the *Rooker-Feldman* doctrine is inapplicable. *See Burciaga*, 871 F.3d at 385 (no final judgment).

c)     <u>Eleventh Amendment Immunity</u>

Judge Johnson further contends that Dantzler's claims against him in his official capacity are

barred by the Eleventh Amendment.  It is well settled that,

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal
> court by citizens of a state against their own state or a state agency or department.
> Claims under federal statutes do not override the Eleventh Amendment bar unless
> there is a clear showing of congressional intent to abrogate the bar. Section 1983 does
> not override the Eleventh Amendment bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5ᵗʰ Cir. 1987) (citation omitted); *Raj v. Louisiana State*

*Univ.*, 714 F.3d 322, 328 (5th Cir. 2013).

The Eleventh Amendment bars suits for both money damages and injunctive relief against a

state entity.  *Darlak,* 814 F.2d at 1059 (citation omitted).  It also precludes federal courts from

hearing state law claims brought in federal court against state entities.  *Raj,* 714 F.3d at 329 (citing

*Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 117, 104 S.Ct. 900 (1984));

*Richardson v. Southern University*, 118 F.3d 450, 453 (5ᵗʰ Cir. 1997).

Furthermore, it is manifest that official capacity suits, "generally represent only another way

of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473

U.S. 159, 166 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690,

n.55 (1978)).  Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit

against the entity."  *Id*.  Consequently, the Eleventh Amendment bars suit against state officials and

employees of state entities, acting in their official capacities.  *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th

Cir. 2010) (citations omitted); *Green v. State Bar of Texas*, 27 F.3d 1083, 1087-88 (5th Cir. 1994)

(plaintiff cannot evade Eleventh Amendment by suing state employees in their official capacity);

*Brown v. McLane*, 807 Fed. App'x. 410, 411 (5th Cir. 2020) (Eleventh Amendment bars federal constitutional claims for damages *and* state-law claims, regardless of the form of relief sought against state agency head, in her official capacity) (citation omitted).

There is, of course, a caveat. The *Ex Parte Young* doctrine recognizes an exception to Eleventh Amendment immunity for claims of prospective injunctive or declaratory relief against a state official. *Ex Parte Young*, 209 U.S. 123 (1908). Stated differently, "prospective injunctive or declaratory relief against a state [official] is permitted . . . but retrospective relief in the form of a money judgment in compensation for past wrongs . . . is barred." *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008) (citation omitted). However, the *Ex Parte Young* exception is limited to a lawsuit that seeks prospective relief from a *continuing* or *ongoing* violation of federal law. *Reed v. Goertz*, 995 F.3d 425, 429 n.2 (5th Cir. 2021) (citation omitted).

Here, Dantzler has failed to respond to Judge Johnson's motion, and, thus, has not identified a potential claim for injunctive relief in his lengthy and disjointed amended complaint. Therefore, to the extent that he may have alluded to such a claim buried within his myriad allegations, he has abandoned it.

Even if Dantzler *had* intended to advance a claim for injunctive relief that potentially might have fallen within the *Ex Parte Young* exception, the alleged injunctive relief sought still must "allege an ongoing violation of federal law." *Spec's Family Partners, Ltd. v. Nettles*, 972 F.3d 671, 681 (5th Cir. 2020) (citations omitted). Dantzler has not pointed to facts to show that Judge Johnson is still engaging in violations of federal law.

In sum, the Court lacks jurisdiction to entertain Dantzler's claims against Judge Johnson, in his official capacity, and they are subject to dismissal without prejudice. *Carver,* 18 F.4th at

8

498-499; *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5ᵗʰ Cir. 1996) (citing FED. R. CIV. P. 12(b)(1)).

## II.    Insufficient Service of Process

All four Defendants assert that they were not properly served in this suit.  When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service.  *Kitchen v. Walk-On's Bistreaux & Bar*, Civ. Action No. 19-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).  "The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions."  *Walk-On's*, 2020 WL  2404911, at *1 (citations omitted).  Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction ov0er a defendant unless he was properly served."  *Landry v. Garber*, No. 19-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *R&R adopted*, No. 19-0367, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Further, where, as here, "a defendant is sued in both his individual and official capacities, . . . the defendant is entitled to receive service of process in both capacities.  Service in one capacity does not confer jurisdiction over the other capacity, even though the defendant is fully aware of the suit."  *Cheeks v. Belmar*, 331 F.R.D. 499, 504 (E.D. Mo. 2019) (citations and internal quotation marks omitted); *Monte Nido Missouri LLC v. St. Louis Cty., Missouri*, Civ. Action No. 20-1491, 2020 WL 6703289, at *1 (E.D. Mo. Nov. 13, 2020) (plaintiff sued defendant in official and individual capacities, but only served him in official capacity); *Ruiz v.*

*Rhode Island*, Civ. Action No. 16-507, 2018 WL 514539, at *2 (D.R.I. Jan. 22, 2018) ("effecting service on someone in his official capacity does not ipso facto do so in his individual capacity, and vice versa") (citations omitted).

To serve a United States officer or employee in his or her *official capacity*, a party "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." FED. R. CIV. P. 4(i)(2).

To serve the United States, a party must:

> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> > **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.;

FED. R. CIV. P. 4(i)(1).

> Furthermore,
>
> [t]o serve a United States officer or employee sued in an *individual capacity* for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

FED. R. CIV. P. 4(i)(3) (emphasis added).[4]

Service upon a defendant sued in his individual capacity must be perfected pursuant to

---

[4] Rules 4(f) and 4(g) are inapplicable because Defendants are not minors, incompetents, or in a foreign country. *See* FED. R. CIV. P. 4(f)-(g).

Rule 4(e),[5] which provides that,

> [u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
>
> **(1)**   following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> **(2)**   doing any of the following:
>
>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>>
>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

Under Louisiana law, an individual may be served personally, at his dwelling house or usual place of abode, or via his representative appointed by the court, by operation of law, or mandate. *See* LA. CODE CIV. P. ARTS. 1232-1235.

In their motions to dismiss, Judges deGravelles, Bourgeois, and Jackson asserted that Dantzler did not properly serve them in accordance with Rule 4(i). By failing to file a response, Dantzler has made no attempt to satisfy his burden to show that he properly served them in either their individual or official capacities. *See Walk On's*, 2020 WL2404911, at *3 ("When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to

---

[5] *Dougherty v. Dupes*, Civ. Action No. 17-1541, 2018 WL 1696651, at *5 (M.D. Pa. Apr. 6, 2018).

effect timely service.") (internal quotations and citations omitted).

Similarly Judge Johnson stated in his motion that Dantzler tried to serve him via priority mail. It is manifest, however, that service of a non-federal, in-state party by certified mail does not comport with Louisiana or federal law. *Able Sec. & Patrol, LLC v. Louisiana ex rel. Dep't of Pub. Safety & Corr.*, No. 07-1931, 2008 WL 3539693, at *2–3 (E.D. La. July 30, 2008); *Allen v. Louisiana Sch. for Deaf Louisiana Dep't of Educ.*, No. 07-957, 2008 WL 11417774, at *2 (M.D. La. May 27, 2008); *Seal v. State of La.*, No. 05-629, 2005 WL 3543836, at *2 (E.D. La. Oct. 18, 2005). Again, by failing to file a response to the motion, Dantzler has made no attempt to satisfy his burden to show that he properly served Judge Johnson in his individual capacity.[6]

Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." FED. R. CIV. P. 4(c)(1). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Good cause "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin v. Par Pharm. Companies, Inc.*, 289 Fed. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th

---

[6] The Court does not address whether Dantzler properly served Judge Johnson in his official capacity because those claims are barred by the Eleventh Amendment. *See* discussion, *supra*.

Cir. 1995)).

Here, Dantzler has failed to demonstrate good cause for his unexplained failure to effect service. Further, although Dantzler complained of various irregularities with the USPS and even obtained an extension of time to properly serve Defendants, he has not adduced any evidence to either excuse his neglect or to establish valid service. The Court recognizes that Dantzler is acting pro se in this matter. However, he is no novice to litigation, having filed over 30 cases, over the years, in Louisiana and other jurisdictions. *See* M/Dismiss, pgs. 2-3 [doc. # 11] (compiling cases). Moreover, "[a] litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (citations omitted).

A district court "enjoys broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). A this point, however, approaching nine months after suit was filed, and over five months after the initial motions to dismiss were filed, the Court is compelled to find that dismissal is warranted. *See Thrasher,* 709 F.3d at 512 (court properly dismissed suit after it warned plaintiff and granted her generous extensions of time, but plaintiff still failed to effect service properly); *Walk On's*, 2020 WL2404911, at *4 (no basis to confer additional time to pro se plaintiff to effect service after eight months had passed since suit was filed).[7]

---

[7] Another consideration that counsels against extending the service period is that Dantzler has failed to rebut Defendants' alternative argument that all of his claims are barred by absolute judicial immunity. *See Reid v. Evans*, Civ. Action No. 22-0046, 2023 WL 364109, at *8 (M.D. Ga. Jan. 23, 2023) (declining to extend time for service where plaintiff's claims against the federal judges also are barred by absolute immunity).

### III.     Failure to State a Claim for Relief

Defendants alternatively seek dismissal of Dantzler's claims against them on the basis that they are entitled to absolute judicial immunity.   The defense of absolute judicial immunity is properly raised via a Rule 12(b)(6) motion to dismiss. *Brunson v. Brown*, Civ. Action No. 23-3109, 2023 WL 6382602, at *2 (E.D. La. Sept. 29, 2023) (citation omitted).  Moreover, a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) constitutes a judgment on the merits." *Warren v. Mortgage Elec. Registration Sys., Inc.*, 616 Fed. App'x. 735, 738 (5th Cir. 2015) (quoted source omitted).  Personal jurisdiction, however, is "an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citation and internal quotation marks omitted).

In this case, Dantzler has failed to properly serve any defendant, and, consequently, the Court lacks personal jurisdiction to entertain his claims against them. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (without service of process, a court may not exercise power over a party-defendant).   In the absence of personal jurisdiction over any Defendant, the Court is unable to reach their judicial immunity argument, a merits-based issue that was raised via Rule 12(b)(6) motion. *See Walk On's*, 2020 WL2404911, at *4 (court lacked jurisdiction to consider defendant's remaining Rule 12(b)(6) arguments).

### <u>Conclusion</u>

For the above assigned reasons,

IT IS RECOMMENDED that the motions to dismiss filed by Defendants, Richard Bourgeois, Jr. and John W. deGravelles [doc. # 11] and Brian Jackson [doc. # 17] be GRANTED

14

IN PART, DISMISSING WITHOUT PREJUDICE all of Plaintiff Oscar Dantzler's claims against them for insufficient service of process.  FED. R. CIV. P. 12(b)(5).

IT IS FURTHER RECOMMENDED that the motion to dismiss filed by Defendant, Jeffrey Johnson [doc. # 13] be GRANTED IN PART, DISMISSING WITHOUT PREJUDICE Plaintiff Oscar's Dantzler's claims against him:  (1) in his official capacity, for lack of subject matter jurisdiction, FED. R. CIV. P. 12(b)(1), and (2) in his personal or individual capacity, for insufficient service of process, FED. R. CIV. P. 12(b)(5).

IT IS FURTHER RECOMMENDED that all three motions to dismiss [doc. #s 11, 17, & 13] otherwise be DENIED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

15

In Chambers, at Monroe, Louisiana, on this 8th day of September, 2025.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

16